COULTER et ux. *v.* BANKS et ux.

In Banc. Oct. 10, 1949.

No 37177 (42 So. (2d) 196)

**Harold Cox,** for appellants.

**E. C. Fishel,** for appellees.

**Alexander, J.**

Bill was filed by appellees to compel specific performance of a contract under which appellants had agreed to sell their home at the price of $16,000.00. The prayer of the bill was granted and appellees awarded rent upon the property at the rate of $85.00 per month from October 9, 1947, to August 9, 1948, the approximate date of the decree.

The background of the litigation is as follows: On August 9, 1947, the Coulters entered into a contract to sell their home, completely furnished, for $19,000.00. Earnest money was paid by Banks to the negotiator, London. There was some dissatisfaction with regard to the items of furniture. On August 16, 1947, the parties entered into a second contract for the sale of the Coulter home, unfurnished, for $16,000.00. The contract acknowledged a similar deposit as earnest money. Although it is argued that there was no new consideration for the second contract, and that there was no tender by Banks of the balance due the Coulters, the only defense set up in the answer is that the second contract—the only one in litigation—was infected with fraud. Specifically the contention is that it was signed in blank by the Coulters with the understanding and direction that the blanks therein would be filled in to show a consideration of $18,000.00 and not $16,000.00 as now appears.

In view of the fact that the trial court found upon conflicting testimony that no fraud or misunderstanding existed, it would seem that this would be a conclusion of the whole matter. Yet we notice some of the errors assigned.

We find first that there was no abuse of the Chancellor's power or discretion in granting specific performance. ·There is no showing of a lack of consideration. ██ The fact that the amount paid as earnest money was the same in both cases is not as important as the fact that it was made available as a forfeit. That there was no deposit as an escrow under the second contract is not sufficiently shown by the fact that the parties, including the escrow agent, are the same. For all we know the first contract had been abandoned by mutual consent. It is not involved in this action nor are any rights or obligations predicated thereon. London was one of the complainants in the suit. He claimed that this deposit was held by him on the second contract and that he was entitled to a realtor's commission upon the sale. The earnest money was paid into Court by London and decreed to the appellants.

Although failure of the appellees to make tender of the balance due is argued as a basis for denying specific performance, it was not raised by the pleadings. It sufficiently appears that the Coulters would not have accepted the balance since their contention all along had been that they never agreed, and were never willing, to sell their home for $16,000.00. Moreover, the bill itself tenders and offers to pay into Court the earnest money and the balance of the agreed price less realtor's commission. In fact the full amount is shown to have been paid to the Clerk of the Court acting as special commissioner under the final decree.

██ There was sufficient testimony to support a finding that $85 per month was a proper rental. Other assignments, with the exception noted hereinafter, are not found adequate to a reversal.

██ It is noticed that the contract provided that the taxes on the property "for the current year", that is, 1947, were to be prorated between the parties. The deed executed by the special commissioner was dated ·Au-

gust 23, 1948, and was a complete warranty, thereby imposing on the appellants responsibility for all taxes for both the years 1947 and 1948. This was error.

The cause will be reversed and remanded to allow correction of this error and to adjust such other equities as may be appropriate. In other respects the decree of the trial court is affirmed.

Affirmed in part, reversed in part and remanded.